UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ZALEENA AHMED, Individually, and as SPECIAL ADMINISTRATOR of the ESTATE of INDROWTIE RAMPERTA,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC; JAGUAR LAND ROVER AUTOMOTIVE, PLC; JAGUAR LAND ROVER LIMITED; and JLR LONG ISLAND, LLC d/b/a LAND ROVER GLEN COVE,<br><br>Defendants. | C/A No. 2:21-cv-00496-DCN<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff is a citizen and resident of the state of New York.

2. Plaintiff is the special administrator of the estate of Indrowtie Ramperta.

3. Defendant Jaguar Land Rover North America, LLC is a Delaware corporation with its principal place of business located at 100 Jaguar Land Rover Way, Mahwah, NJ 07495. Defendant Jaguar Land Rover North America's registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Jaguar Land Rover North America will be subject to the jurisdiction and venue of this Court. Defendant Jaguar Land Rover North America has been properly served in this matter.

1

4.      Defendant Jaguar Land Rover Limited is a limited company located in the United Kingdom at Abbey Road Whitley Coventry, CV3 4LF United Kingdom, where it may be served with service of process. When said company is served with copies of the Summons and Complaint in this matter, Defendant Jaguar Land Rover Limited will be subject to the jurisdiction and venue of this Court. Defendant Jaguar Land Rover Limited has been properly served in this matter.

5.      Defendant Jaguar Land Rover Automotive PLC is a public limited company located in the United Kingdom at Abbey Road Whitley Coventry, CV3 4LF United Kingdom, where it may be served with service of process. When said company is served with copies of the Summons and Complaint in this matter, Defendant Jaguar Land Rover Automotive will be subject to the jurisdiction and venue of this Court. Defendant Jaguar Land Rover Automotive has been properly served in this matter.

6.      Defendant JLR Long Island, LLC d/b/a Land Rover Glen Cove is a Florida corporation with its principal place of business located at 133 Sevilla Avenue, Coral Gables, Florida 33134. Defendant operates Land Rover Glen Cove at 70 Cedar Swamp Rd, Glen Cove, New York 11542, and may be served with service of process at that address as well. Defendant Land Rover Glen Cove's registered agent for service of process is Manuel Kadre at the same address. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Land Rover Glen Cove will be subject to the jurisdiction and venue of this Court. Defendant Land Rover Glen Cove has been properly served in this matter.

**JURISDICTION / VENUE**

7.      Defendants Jaguar Land Rover North America, Jaguar Land Rover Limited, and Jaguar Land Rover Automotive (collectively the "JLR Defendants") are in the business of designing, testing, manufacturing, marketing, servicing, and supplying automobiles within the United States.

8.      The JLR Defendants, by virtue of their nationwide distribution system of automobiles and automotive products, should reasonably expect to be subject to the jurisdiction of this court.

9.      The JLR Defendants regularly transact business in South Carolina, contract to supply automobiles in South Carolina, derive substantial revenue from their business dealings in South Carolina, and have committed a tortious act in South Carolina which has resulted in injury and death.

10.     The JLR Defendants voluntarily and purposefully directs their products, through marketing, distribution, and sales, to the State of South Carolina and intend for their automobiles to be purchased and used in the State of South Carolina.

11.     Due to their business activities intentionally targeted to the State of South Carolina, and the substantial revenue received as a result, the JLR Defendants have purposefully availed themselves of the privilege of doing business in South Carolina and should reasonably expect to be subject to this Court's jurisdiction.

12.     Defendant Land Rover Glen Cove regularly transacts business in South Carolina, derives substantial revenue from that business, and has committed a tortious act that caused injury and death in South Carolina.

13.     This action seeks monetary relief.

14. There is a real and justiciable controversy between the parties.

15. The amount in controversy exceeds seventy-five thousand dollars exclusive of interest and costs.

16. There is diversity of citizenship.

17. Venue is proper in this district as the most substantial part of the events or omissions giving rise to these claims occurred in this district.

## **FACTUAL ALLEGATIONS**

18. In May and June 2018, Defendant Land Rover Glen Cove repaired plaintiff's new vehicle, a 2018 Range Rover Discovery 4-door sport utility vehicle (VIN SALCR2RX6JH735771) (hereinafter "plaintiff's vehicle") due to numerous issues and complaints involving the braking system, among other things.

19. On July 29, 2018, plaintiff Zaleena Ahmed and her mother Indrowtie Ramperta were traveling in a vehicle owned by plaintiff, and driven by plaintiff's father Mohammed Ahmed.

20. The plaintiff's vehicle was designed, specified, tested, manufactured, and sold by the JLR Defendants.

21. That vehicle was serviced, maintained, and sold to plaintiff by Defendant Land Rover Glen Cove.

22. At or around, 11:43 a.m. on July 29, 2018, plaintiff's vehicle, suddenly and without warning, lost all braking while travelling along I-95 southbound in South Carolina, just before the exit for U.S. Primary 21, Low Country Highway.

23. Without brakes while traveling at highway speeds, Mr. Ahmed, the driver, took evasive maneuvers to avoid hitting other vehicles or objects. He exited from I-95,

continued straight across U.S. Primary 21, and entered the southbound entrance ramp, where the vehicle traveled down a steep grass embankment and struck a tree.

24. The loss of braking and resulting collision injured plaintiff and resulted in the death of Indrowtie Ramperta.

25. The injuries of plaintiff and decedent were directly and proximately caused by the negligence of Defendants, including the defects in the design of the braking system of plaintiff's vehicle, and Defendant Land Rover Glen Cove's failure to diagnose and repair the issue when provided numerous opportunities.

## FIRST CAUSE OF ACTION
**Strict Products Liability – The JLR Defendants**

26. Plaintiff fully incorporates all prior paragraphs.

27. The JLR Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold plaintiff's vehicle, and its components, including but not limited to, the braking and throttle system in the vehicle.

28. The JLR Defendants plaintiff's vehicle as a new product within 10 years before the filing of this action.

29. Plaintiff's vehicle left the JLR Defendants' control in the same condition as it was at the time and place of the Incident, with the exception of ordinary wear and tear.

30. Among other things, plaintiff's vehicle is defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because it contains a braking and throttle system that is inadequately designed and constructed and fails, causing the vehicle to continue moving even when the driver applies the brakes, thereby subjecting occupants to severe and catastrophic injuries.

31. The defective nature of plaintiff's vehicle was the proximate cause of the injuries and damages sustained by plaintiff, and the death of Indrowtie Ramperta, as set forth herein, thus rendering the JLR Defendants strictly liable.

32. The dangers associated with the use of these products outweighs their utility, and the foreseeable risk of harm inherent in their design could have easily been reduced or avoided entirely by incorporation of feasible, alternative designs available in the industry at the time the subject product was manufactured.

33. The JLR Defendants failed to design and/or manufacture the braking system in such a manner that it would not fail during normal and expected use.

34. The JLR Defendants had notice before the manufacture of plaintiff's vehicle that its braking system was defective and unreasonably dangerous.

35. Prior to the manufacture of plaintiff's vehicle, The JLR Defendants knew of alternative designs that would have eliminated failure of the braking system.

36. As a proximate result of the defective and unreasonably dangerous design and manufacture of the plaintiff's vehicle, plaintiff's decedent suffered fatal injuries.

## SECOND CAUSE OF ACTION
**Negligence – The JLR Defendants**

37. Plaintiff fully incorporates all prior paragraphs.

38. Plaintiff's vehicle was in a defective condition at the time of its first distribution and sale in the United States.

39. The JLR Defendants were negligent in designing, inspecting, testing, manufacturing, assembling, marketing, selling and providing warnings for plaintiff's vehicle.

40. The defective condition which existed in the vehicle included, but was not limited to, a braking and throttle system that is inadequately designed and constructed and fails, causing the vehicle to continue moving even when the driver applies the brakes, thereby subjecting occupants to severe and catastrophic injuries.

41. The JLR Defendants had a legal duty to design, inspect, test, manufacture and assemble the braking and throttle system in the plaintiff's vehicle in order to avoid an unreasonable risk of physical harm or death to owners, users and occupants of such vehicles. The JLR Defendants breached their duty to exercise reasonable care with respect to the plaintiff's vehicle.

42. The JLR Defendants' negligence was the proximate cause of the injuries and damages sustained by plaintiff, and the death of Indrowtie Ramperta, as set forth herein

43. As a proximate result of the defective and unreasonably dangerous design and manufacture of the plaintiff's vehicle, plaintiff's decedent fatal injuries.

### THIRD CAUSE OF ACTION
### Breach of Warranty – The JLR Defendants

44. Plaintiff fully incorporates all prior paragraphs.

45. Implied in every sale of goods are the warranties of merchantability and fitness for a particular purpose.

46. The JLR Defendants are a merchant with respect to the plaintiff's vehicle.

47. The JLR Defendants are sellers of the subject vehicle and warranted that the plaintiff's vehicle was merchantable and fit for its intended and foreseeable use.

48. The JLR Defendants expressly warranted that the plaintiff's vehicle was free of defects.

49. Plaintiff made ordinary and foreseeable use of the subject vehicle.

50. Plaintiff relied upon the express and implied warranties given.

51. Due to its defective condition, the subject vehicle was not fit for its intended or foreseeable use.

52. Due to its defective condition, the subject vehicle did not conform to the JLR Defendants' express warranty.

53. Due to the defective condition of the subject vehicle, the JLR Defendants breached the implied and express warranties given plaintiffs.

54. As a result, the plaintiff's vehicle failed causing plaintiff's serious injury and the death of Indrowtie Ramperta.

## FOURTH CAUSE OF ACTION
### Negligence – Defendant Land Rover Glen Cove

55. Plaintiff incorporates all prior paragraphs.

56. Defendant Land Rover Glen Cove negligently inspected, maintained, and repaired the plaintiff's vehicle when it was presented, numerous times, with braking issues shortly before the incident.

57. Defendant Land Rover Glen Cove supplied and delivered the defective vehicle to plaintiff.

58. Defendant Land Rover Glen Cove failed to warn plaintiff of the defective condition of her vehicle, and instead represented to her that all issues had been addressed.

59. As a direct and proximate result, Defendant Land Rover Glen Cove caused the injuries and damages sustained by Plaintiff, as set forth herein.

## FIFTH CAUSE OF ACTION
### Negligent infliction of emotional distress – all defendants

60. Plaintiff incorporates all prior paragraphs.

61. As a direct and proximate result of the negligent acts of the defendants as set forth above, Plaintiff's mother was killed in the subject crash.

62. At the time of the subject crash, Plaintiff was a passenger of the vehicle and in close proximity to, and contemporaneously perceived, the crash.

63. As a result of having witnessed her mother's death, plaintiff has suffered emotional distress which has manifested itself through physical symptoms.

## **PRAYER FOR RELIEF**

64. Plaintiff incorporates all paragraphs above as if fully stated herein.

65. Plaintiff Zaleena Ahmed, individually, asks for judgment against these defendants as follows:

   a. for actual damages according to proof, including incurred and future medical costs, gratuitous nursing services, lost wages, and loss of future earning capacity and any other that may be proven at trial;

   b. for other compensatory damages permitted by law including damages for physical and mental pain and suffering;

   c. for punitive damages as determined by the trier of fact should discovery reveal willful and wanton conduct by defendants;

   d. for all costs of Court; and

   e. for such other relief as the trier of fact deems just and proper.

66. As a result of the negligence, carelessness, gross, recklessness, and wantonness, of all Defendants and their agents/employees, Indrowtie Ramperta suffered

devastating injuries that resulted in her death, for which plaintiff may recover on behalf of her estate:

    a.    Actual damages, including funeral expenses, past medical expenses, lost wages, and loss of earning capacity;

    b.    Non-economic damages, including Indrowtie Ramperta's conscious pain and suffering before her death, which survive her death under S.C. Code § 15-5-90;

    c.    Non-economic damages to Indrowtie Ramperta's surviving beneficiaries for their grief, sorrow, loss of support, loss of household services, loss of consortium, and all other damages recoverable under S.C. Code § 15-51-40;

    d.    Costs of this action;

    e.    Pre- and post-judgment interest;

    f.    Any other damages permitted by law and in the jury's determination; and

    g.    Punitive damages should discovery reveal reckless or wanton conduct on the part of any Defendants.

67.    Plaintiff seeks judgment against these Defendants and requests the relief outlined above.

## **JURY TRIAL DEMANDED**

Trial by jury is demanded as to all issues set forth herein to the extent permitted by law.

Signature below.

|  |  |
|---|---|
| Respectfully submitted, | **RICHARDSON, THOMAS, HALTIWANGER, MOORE & LEWIS, LLC** |

*s/Chris Moore*
Chris Moore (Federal Bar No.: 10445)
1513 Hampton Street
Columbia, South Carolina 29201
(803) 281-8150

Terry E. Richardson, Jr.
1730 Jackson Street
Barnwell, South Carolina 29812

**THE ASHBY FIRM, LLC**

Drew Ashby, *pro hac vice forthcoming*
5447 Roswell Road
Atlanta, Georgia 30342
(404) 777-7771

**HARRIS & LEONARD, P.A.**

Charles V. Leonard
12303 Hwy. 707, Suite C
Murrells Inlet, South Carolina 29576
(843) 651.0202

February 17, 2021
Columbia, South Carolina                *Attorneys for Plaintiff*